JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App. R. 11.1(E) and Loc. R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct. R.Rep.Op. 3(A).
Defendant-appellant, Henry Scruggs, appeals the judgment of the Hamilton County Municipal Court convicting him of theft, a misdemeanor of the first degree. He was convicted of the offense after a bench trial.
At trial, a gas station cashier, Daniel Barr, testified that a man had come into the station and claimed that a cashier had given his friend insufficient change for an earlier purchase. While Barr was distracted counting the money in the safe, the man reached into the cash register and took money. Barr discovered that the register was $170 short of funds. Barr later identified Scruggs as the culprit in a photographic lineup and in the gas station's video surveillance tape. The trial court found Scruggs guilty and sentenced him to a jail term.
In a single assignment of error, Scruggs now argues that his conviction was based on insufficient evidence and was against the manifest weight of the evidence. In the review of the sufficiency of the evidence to support a conviction, the relevant inquiry for the appellate court "is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[1] To reverse a conviction on the manifest weight of the evidence, a reviewing court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and conclude that, in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[2]
The theft statute, R.C. 2913.02(A)(1), provides that "[n]o person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services * * * without the consent of the owner or person authorized to give consent."
In the case at bar, the conviction was in accordance with the evidence. Barr testified that he had witnessed Scruggs steal money from the gas station's cash register and that the register was $170 short of funds. Although Scruggs argues that Barr was distracted when the theft occurred and that his testimony was therefore questionable, the videotape evidence established that Scruggs was the perpetrator. In addition, Barr stated that he had seen Scruggs withdraw his hand from the area of the register and that there was money in Scruggs's hand. The assignment of error is overruled, and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App. R. 27. Costs shall be taxed under App. R. 24.
Hildebrandt, P.J., Doan and Gorman, JJ.
[1] State v. Waddy (1992), 63 Ohio St.3d 424, 430,588 N.E.2d 819.
[2] State v. Thompkins, 78 Ohio St.3d 380, 387,1997-Ohio-52, 678 N.E.2d 541.